IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| HOLLI GALBREATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  1:10-cv-3097 |
| vs. | ) | |
| | ) | |
| DELMARVA CAPITAL | ) | |
| SERVICES, LLC, | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, HOLLI GALBREATH, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, DELMARVA CAPITAL SERVICES, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Browning, Montana.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of Maryland which has its principal place of business in Baltimore, Maryland.

## **ALLEGATIONS**

7. During or about the month of January of 2010, Defendant's representatives and/or employees, including but not limited to an individual representing himself as Mr. Ganya, began contacting Plaintiff by telephone at her home and at her place of employment in attempts to collect the aforementioned alleged debt.  However, Defendant's representatives and/or employees failed to disclose that they were debt collectors during the course of every communication with Plaintiff.

8. Defendant's representatives and/or employees continued to contact Plaintiff at her place of employment even after Plaintiff had informed the callers that she was not permitted to receive calls of that nature at her place of employment.

9. During the aforementioned telephone calls, Defendant's representatives and/or employees repeatedly stated that that Plaintiff owed "about $2,100" (or made similar statements), but failed to ever state the exact amount of the alleged debt they were attempting to collect.

10. Also during the aforementioned telephone calls, Defendant's representatives and/or employees threatened to garnish Plaintiff's wages, despite the fact that no judgment has ever been entered against Plaintiff with regard to the alleged debt.

11. Further, Defendant's representatives and/or employees threatened to obtain a judgment against Plaintiff if the alleged debt was not paid. However, to the best of Plaintiff's knowledge, no legal proceedings have been initiated against Plaintiff with regard to the alleged debt.

12. Furthermore, on information and belief, the Defendant is not a law firm, nor does it employ lawyers who are licensed to practice law in the State of Montana. Therefore, the actions threatened to be taken against Plaintiff as set forth above could not be taken by the Defendant.

13. Defendant has further failed to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g(a).

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

   b. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

   c. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

      d.      Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

      e.      Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

      f.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, HOLLI GALBREATH, respectfully prays for a judgment against Defendant as follows:

      a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

5

          Respectfully Submitted,

          <u>/s/ Mitchel E. Luxenburg</u>
          Mitchel E. Luxenburg (29092)
          Attorney for Plaintiff
          23875 Commerce Park
          Suite 105
          Beachwood, OH 44122
          (888) 493-0770, ext. 301 (phone)
          (866) 551-7791 (facsimile)
          Mitch@LuxenburgLevin.com